# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

------------------------------------------------------------------------x

Salim Punjani,

                Plaintiff,                      **C.A. No.:**

      -against-                      **Demand for Trial by Jury**

Experian Information Solutions, Inc.,
Transunion, LLC,
Equifax Information Services, LLC,
JP Morgan Chase Bank, N.A.,
American Express Company,
Citibank, N.A.,

                Defendant(s).

------------------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Salim Punjani ("Plaintiff"), by and through his attorneys, and as for

his Complaint against Defendant Experian Information Solutions, Inc.

("Experian"), Transunion, LLC ("Transunion"), Equifax Information Services,

LLC ("Equifax"), Defendant JP Morgan Chase Bank, N.A. ("Chase"), Defendant

Citibank, N.A. ("Citi") and Defendant American Express Company ("Amex"),

respectfully sets forth, complains, and alleges, upon information and belief, the

following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia, County of Gwinnett, residing at 2278 Larkspur Run Drive, Duluth, GA, 30097.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation and may be served with process upon Lisa Stockard, its registered agent for service of process at 1550 Peachtree St. NE, Atlanta, GA 30309.

7. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Georgia, and may be served with process upon CT Corporation System, its registered agent for service of process at 289 S. Culver St., Lawrenceville, GA 30046.

10. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

11. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant TransUnion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities

in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Georgia, and may be served with process upon the Prentice Hall Corporation System, Inc., its registered agent for service of process at 40 Technology Parkway South, #300, Norcross, GA, 30092.

13. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

14. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant JPMorgan Chase Bank, N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o CT Corporation System, 289 S Culver Street, Lawrenceville, GA, 30046.

16. Defendant Citibank, N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o 388 Greenwich Street, New York, NY, 10013.

17. Defendant American Express Company, is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with

an address for service c/o CT Corporation System, 28 Liberty St., New York, NY 10005.

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Citibank Dispute and Violation

19. On information and belief, on a date better known to Defendants, Equifax, and Trans Union hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to his Citibank credit card account, #54241812xxxxx.

20. The inaccurate information furnished by Defendant Citibank and published by the Bureaus is inaccurate because the Citibank trade line contain incorrect past due balance, that continues to increase while the overall balance does not change.

21. For an account to be considered accurate according to the Metro-2 credit industry guidelines for a furnisher such as Citibank, an account that is charged off should have the same past due balance as the overall balance.

22. When the balance and past due amounts do not match up, any payment made would only be subtracted from the total balance, inevitably causing confusion as to the amount owed for any potential creditors evaluating the consumers credit report, as well as potentially leaving a past due balance when the overall balance reaches zero.

23. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

24. Plaintiff notified the Bureaus that he disputed the accuracy of the information being reported on or around June 4, 2020, specifically stating in separate letters to each bureau that he was disputing the reporting of the Citibank tradeline.

25. It is believed and therefore averred that the Bureaus notified Defendant Citibank of the Plaintiff's disputes.

26. Upon receipt of the dispute of the accounts from the Bureaus, Citibank failed to timely conduct a reasonable investigation and continued to report false

and inaccurate adverse information on the consumer reports of the Plaintiff with respect to the disputed accounts.

27. Had Citibank done a reasonable investigation it would have been revealed to Citibank that the account lists inconsistent and improper balances.

28. Furthermore, the verification of the credit reporting by Citibank to the Bureaus amounts to a willful action and a clear failure to follow the Metro-2 guidelines that furnishers are required to follow.

29. Additionally, Defendant Citibank failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's disputes.

30. Despite the dispute by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

31. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

32. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute it would have been revealed to the Bureaus that the past due amounts were being reported inaccurately in relation to the total balance.

33. The Bureaus' continued reporting of these accounts, inaccurately and contrary to the Metro-2 guidelines, amounts to willful violation of the FCRA.

34. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

35. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

<u>Amex Dispute and Violation</u>

36. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to an Amex account (ending in 9713).

37. The inaccurate information furnished by Defendant Amex and published by Experian is inaccurate since the account contains an incorrect date of status.

38. Specifically, the tradeline lists the date of status as July 2020. In point of fact, the account in question has not had any activity since October 2016. Once this debt was charged off, no further activity had occurred on the

account which would allow for the date of status to be updated. As such, the date of status should have been listed at the latest at the time when the debt was charged off.

39. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

40. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc*., 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change.

41. Defendant Experian improperly updated the activity status date, which falsely made the account appear as a more current liability, thereby directly lowering the directly Plaintiff's credit.

42. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

43. Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting on or around June 4, 2020.

44. It is believed and therefore averred that Defendant Experian notified Defendant Amex of the Plaintiff's dispute.

45. Upon receipt of the dispute of the account from Experian, Amex failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

46. Had Amex done a proper investigation it would have been revealed to Amex that date of status had been improperly accelerated.

47. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

48. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

49. Had Experian done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Experian that the date of status was improperly changed.

50. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

51. As of the date of the filing of this Complaint, Defendant Amex continues to furnish credit data which is inaccurate and materially misleading, and Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

52. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

<u>Chase Bank Accounts Disputes and Violations</u>

53. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to his Chase Bank credit cards, (account 4266841488….) and (account 41472021…).

54. The inaccurate information furnished by Defendant Chase Bank and published by the Defendant Experian is inaccurate as it falsely states for each account that the entire balance was written off.

55. The entire loan was not written off, since the Plaintiff settled this debt and paid part of the above listed amount.

56. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

57. Plaintiff notified Experian that he disputed the accuracy of the information they were reporting on or around November 17, 2020, specifically stating in a letter, that he was disputing the reporting of these Chase accounts and requested for the account to be updated or deleted from his account.

58. It is believed and therefore averred that Experian notified Defendant Chase of the Plaintiff's disputes.

59. Upon receipt of the dispute of the accounts from Experian, Chase failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

60. Had Chase done a reasonable investigation, it would have discovered that this tradelines were settled and should have never been reporting as having the entire balance written off.

61. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed accounts, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

62. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

63. Had Experian done a reasonable investigation they would have found that the Plaintiff settled the debt, and the reporting of the account should reflect this settlement.

64. As of the date of the filing of this Complaint, Defendant Chase continues to furnish credit data which is inaccurate and materially misleading, and the Experian's reporting of the above-referenced trade lines continues to be inaccurate and materially misleading.

65. As a result of the conduct, action and inaction of the Defendants, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of potential credit denials.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

68. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

69. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from

credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

75. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain

reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

76. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

77. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

82. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

83. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

84. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

85. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

86. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

88. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

89. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

90. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

91. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

92. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

93. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Transunion)

94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

95. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

96. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

97. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

98. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

99. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

100.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **SIXTH CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to Transunion)**

101.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein with the same force and effect as if

the same were set forth at length herein.

102.     This is an action for negligent violation of the Fair Credit Reporting Act

U.S.C. § 1681 *et seq*.

103.     Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate

information from the credit file of the Plaintiff after receiving actual notice of

such inaccuracies and conducting reinvestigation and by failing to maintain

reasonable procedures with which to verify the disputed information in the

credit file of the Plaintiff.

104.     Transunion has negligently failed to comply with the Act. The failure

of Transunion to comply with the Act include but are not necessarily limited

to the following:

a)  The failure to follow reasonable procedures to assure the maximum

possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the

Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory

credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

105.     As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

106.     The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

107.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Citibank)

108.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

109.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

110.   Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

111.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant information provided by the agency.

112.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

113.     The Defendant Citibank violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

114.     Specifically, the Defendant Citibank continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate balance.

115.     Additionally, the Defendant Citibank failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

116.     As a result of the conduct, action and inaction of the Defendant Citibank, the Plaintiff suffered damage for the loss of credit, loss of the ability

to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

117.    The conduct, action and inaction of Defendant Citibank was willful, rendering Defendant Citibank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

118.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Citibank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Citibank)

119.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

120.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

121.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when

consumers dispute the accuracy and completeness of information contained in a consumer credit report.

122.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

123.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

124.    Defendant Citibank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

125.    After receiving the Dispute Notices from Equifax, and Transunion, Defendant Citibank negligently failed to conduct its reinvestigation in good faith.

126.    Additionally, Defendant Citibank failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

127.    A reasonable investigation would require a furnisher such as Defendant

Citibank to consider and evaluate a specific dispute by the consumer, along

with all other facts, evidence and materials provided by the agency to the

furnisher.

128.    The conduct, action and inaction of Defendant Citibank was negligent,

entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

129.    As a result of the conduct, action and inaction of the Defendant

Citibank, the Plaintiff suffered damage for the loss of credit, loss of the ability

to purchase and benefit from credit, and the mental and emotional pain,

anguish, humiliation and embarrassment of credit denials.

130.    The Plaintiff is entitled to recover reasonable costs and attorney's fees

from the Defendant Citibank in an amount to be determined by the Court

pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in

his favor against Defendant, Citibank, for damages together with attorney's fees

and court costs pursuant to 15 U.S.C. § 1681o.

## <u>NINTH CAUSE OF ACTION</u>
### (Willful Violation of the FCRA as to Amex)

131.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein with the same force and effect as if

the same were set forth at length herein.

132.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

133.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

134.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

135.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

136.     The Defendant Amex violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information

regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

137.     Specifically, the Defendant Amex continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate and materially misleading account information.

138.     Additionally, the Defendant Amex failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

139.     As a result of the conduct, action and inaction of the Defendant Amex, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

140.     The conduct, action and inaction of Defendant Amex was willful, rendering Defendant Amex liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

141.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Amex, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **TENTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Amex)**

142.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein with the same force and effect as if

the same were set forth at length herein.

143.     This is an action for negligent violation of the Fair Credit Reporting Act

U.S.C. § 1681 *et seq*.

144.     Pursuant to the Act, all persons who furnished information to reporting

agencies must participate in re-investigations conducted by the agencies when

consumers dispute the accuracy and completeness of information contained

in a consumer credit report.

145.     Pursuant to the Act, a furnisher of disputed information is notified by

the reporting agency when the agency receives a notice of dispute from a

consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant information

provided by the agency.

146.     The results of the investigation must be reported to the agency and, if

the investigation reveals that the original information is incomplete or

inaccurate, the information from a furnisher such as the above-named

Defendant must report the results to other agencies which were supplied such

information.

147.    Defendant Amex is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

148.    After receiving the Dispute Notice from Experian, Defendant Amex negligently failed to conduct its reinvestigation in good faith.

149.    Additionally, the Defendant Amex failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

150.    A reasonable investigation would require a furnisher such as Defendant Amex to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

151.    The conduct, action and inaction of Defendant Amex was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

152.    As a result of the conduct, action and inaction of the Defendant Amex, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

153.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Amex, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## ELEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Chase)

154.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

155.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

156.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

157.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

158.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or

inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

159.    The Defendant Chase violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

160.    Specifically, the Defendant Chase continued to report these accounts on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate and materially misleading account information.

161.    Additionally, the Defendant Chase failed to continuously mark the accounts as disputed after receiving notice of the Plaintiff's dispute.

162.    As a result of the conduct, action and inaction of the Defendant Chase, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

163.    The conduct, action and inaction of Defendant Chase was willful, rendering Defendant Chase liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

164.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Chase, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TWELFTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Chase)

165.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

166.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

167.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

168.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant information provided by the agency.

169.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

170.     Defendant Chase is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

171.     After receiving the Dispute Notice from Experian, Defendant Chase negligently failed to conduct its reinvestigation in good faith.

172.     Additionally, the Defendant Chase failed to continuously mark the accounts as disputed after receiving notice of the Plaintiff's dispute.

173.     A reasonable investigation would require a furnisher such as Defendant Chase to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

174.     The conduct, action and inaction of Defendant Chase was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

175.     As a result of the conduct, action and inaction of the Defendant Chase, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

176.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Salim Punjani, an individual, demands judgment in his favor against Defendant, Chase, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

177.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C.

§ 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)  For any such other and further relief, as well as further costs, expenses

and disbursements of this action as this Court may deem just and proper.

Dated:  December 9, 2020                    Respectfully Submitted,

s/ Misty Oaks Paxton
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Pt.
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com
*Attorney for Plaintiff*


/s/ Yaakov Saks
**Stein Saks, PLLC**
By:  Yaakov Saks
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
ysaks@steinsakslegal.com
pro hac vice pending